## Chicago and Alton R. R. Co.

*v.*

## William H. Clampit.

1. Negligence—*escape of fire from locomotive—presumption.* Where fire is communicated from a locomotive engine of a railroad company and thereby destroys the property of another, the presumption of negligence on the part of those having the care and management of the engine, created by statute, will not be sufficiently rebutted by proof that the engine was, at the time of the injury, provided with the best mechanical contrivances to prevent the escape of sparks, and that such contrivances were in good order. It should be further shown that the engine was properly managed under the circumstances surrounding the case.

2. Evidence—*volunteer statement.* Where the inquiry made of a witness is properly allowed by the court, the ruling of the court will not be held erroneous because the witness, in answer, makes a statement of fact not called for.

3. Error—*without prejudice—not cause of reversal.* The mere fact that testimony is improperly admitted on the trial, where it can not work any essential harm to the party objecting, is not such an error as to justify a reversal.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

This was an action on the case, brought by the appellee against the appellant to recover for a loss by fire communicated by the engine of the appellant. Appellee occupied, as a tenant, a barn near the railroad track. This barn was burned, and appellee claimed to have lost personal property in it to the value of $355. A recovery was claimed on the ground of negligence on the part of appellant whereby the sparks from its engine escaped and set the barn on fire.

T. B. Lowe, on the part of defendant below, having denied that, in a conversation with Mrs. Snyder, he stated that his engine threw out more sparks than usual, and that it was out

of repair, appellee called Mrs. Snyder for the purpose of impeaching his testimony, and asked her to state the conversation between her and this witness. Among other things, she said : "I told him that it looked like he was going to burn us all up." On objection to this, the court remarked : "She can state anything she said to him about this matter, and his reply to her." She answered : "He said it threw out, he thought, more sparks than usual. I told him there must be something the matter with it. My woodpile taking fire is what made me ask him about it." No motion seems to have been made to exclude the last part of her answer.

The other facts deemed material are stated by the Court.

Mr. H. E. Dummer, for the appellant.

Messrs. Goheen & Shinn, and Messrs. Morrison & Whitlock, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court :

The main ground of error assigned on this record is, that the verdict is not sustained by the evidence.

The evidence must be regarded as sufficient to justify the jury in finding that the fire in question was set by a locomotive engine of the appellant.

The fact that the fire was so communicated, under the act of 1869, "shall be taken as full *prima facie* evidence to charge with negligence the corporation or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad either as owners, lessees or mortgagees, and also those who shall at such time have the care and management of such engine." Session Laws, 1869, p. 312.

To rebut the presumption of negligence, the defendant below, on the trial, contented itself with the introduction of proof that, at the time of the fire, the engine was provided

with the best mechanical contrivances to prevent the escape of sparks, and that they were in good order. There is no evidence whatever, in the record, as to the management of the engine.

In the *C. & A. R. R. Co.* v. *Quaintance*, 58 Ill. 389, this court held that, to rebut the *prima facie* case made by proof of the fact of the communication of fire by the engine, it was not enough for the company to show that the engine was equipped with the proper appliances to prevent the escape of fire, and that they were in good order, but that it was also necessary to show that the engine was properly managed.

The statute makes the fire *prima facie* evidence of negligence on the part of those who, at the time, had the care and management of the engine. It was in evidence that a high wind was prevailing at the time, and that this engine threw off an unusual quantity of sparks ; and in the absence of any evidence upon the point whether the engine was, at the time, properly managed or not, we can not say that the jury were unwarranted in finding that the company had not overcome the presumption of negligence which had been raised against it.

It is insisted the court erred in admitting testimony of the witnesses, Mrs. Snyder and Mr. Lowe.

Mrs. Snyder was called to prove contradictory statements made by Lowe, a witness for appellant. On objection to an answer made, of what she told Lowe, the court ruled she could state anything she said to Lowe about this matter, and his reply to her ; whereupon she stated, "He said he thought it threw out more sparks than usual. I told him there must be something the matter with it; my woodpile taking fire is what made me ask about it."

The matter of complaint is, her statement of her woodpile taking fire. But that did not come within what the court admitted. It was not a statement of anything she said to

Lowe, which was what the court permitted, but it was a volunteered statement of her reason for making the inquiry she did of Lowe.

As to the testimony admitted of the other witness, Lowe, which is complained of, the question of appellee to this witness was, "State who said there was no netting on the engine?" which was objected to by appellant, and the objection overruled. Answer—"I don't know any except King and Clampit, and Milburn, I believe."

This testimony was improperly admitted. But this witness had previously testified, "I went down and found the barn was burned, and men standing around there saying there was no netting on the engine. I got upon my headlight and looked into the smokestack, and saw that the netting was whole;" and in view of this testimony, which was already in the case, it is not perceived wherein the additional testimony admitted could do the appellant any essential harm. It was but adding the names of the bystanders, whose statements had before been testified to.

We find no substantial error in the admission of the testimony of these witnesses.

The instructions complained of, we regard as substantially correct.

The judgment of the court below must be affirmed.

*Judgment affirmed.*